UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DANIELA NICHOLE COLON JIMENEZ; LEINAD DANIEL COLON JIMENEZ BY THEMSELVES AND IN REPRESENTATION OF SUCCESSION COLÓN LEBRÓN**<br>*Plaintiffs*<br><br>**V.**<br><br>**JUAN CARLOS SALCEDO SANCHEZ; 4 OURS SON ALLIANCE, CORP.; INSURANCE COMPANY A; INSURANCE COMPANY B; JOHN DOE; JANE ROE**<br>*Defendants* | CIVIL NO. 25-cv-01366<br><br><br>PLAINTIFFS DEMANDS TRIAL BY JURY |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** the Plaintiffs, through the undersigned counsel, and respectfully **STATE, ALLEGE**, and **PRAY** as follows:

### I. THE PARTIES

1. Plaintiff, **DANIELA NICHOLE COLÓN JIMÉNEZ**, is a citizen of the United States, of legal age, single, and an analyst by profession. She is a resident and domicile at the City of Rochester, State of New York, with a physical and mailing address at 2034 Portland Avenue, Rochester, New York 14617. Her telephone number is (787) 413-0023. Plaintiff sustained the damages set forth herein and respectfully seeks full

1

compensation as provided by law. Plaintiff is the sister of co-plaintiff Leinad Daniel Colón Jímenez and daughter of late **DANIEL COLÓN LEBRÓN.**

2. Plaintiff, **LEINAD DANIEL COLÓN JIMÉNEZ**, is a citizen of the United States, of legal age, married, resident and domicile at the City of Rochester, State of New York. His physical and mailing address is 51 Owen Street, Rochester, New York 14615. His telephone number is (585) 662-8259. Plaintiff sustained the damages set forth herein and respectfully seeks full compensation as provided by law. Plaintiff is the brother of co-plaintiff Daniela Nichole Colón Jiménez and the son of late **DANIEL COLÓN LEBRÓN.**

3. The late **DANIEL COLÓN LEBRÓN**, is represented in this action by **SUCCESSION COLÓN LEBRÓN.**

4. Plaintiff, **SUCCESSION COLÓN LEBRÓN**, is composed of the two children and sole heirs of the late Daniel Colón Lebrón, specifically Leinad Daniel Colón Jiménez and Daniela Nichole Colón Jiménez, who bring this action on behalf of their deceased father. Their physical and mailing addresses are as previously stated above. Plaintiffs have suffered severe emotional distress as a result of the wrongful death of their father and assert all legal claims and causes of action inherited from him. Accordingly, they respectfully seek full compensation as provided by law.

5. Co-defendant, **JUAN CARLOS SALCEDO SÁNCHEZ,** is a natural person who is responsible for the negligence that caused the damages and death sustained by the late **DANIEL COLÓN LEBRÓN** in this civil action, through his acts and/or omissions. His physical and mailing address is 1035 Calle 8, Villa Nevárez, San Juan, Puerto Rico 00927.

6. Co-defendant, **4 OURS SON ALLIANCE, CORP**., is a corporation duly organized and existing under the laws of the United States, with its principal place of business in Guaynabo, Puerto Rico. Its physical address for legal purposes is Mansiones del Paraíso, Edén A4, Caguas, Puerto Rico 00725, and its mailing address is 1116 Avenida Américo Miranda, San Juan, Puerto Rico 00921. Co-defendant is liable for the negligence alleged herein through the acts and/or omissions of its employees or agents in the present civil action. Also, codefendant is liable for the ownership of the property that caused the accident, Ford, Econoline 250, 2007, license plate number 919586.

7. Co-defendants, **INSURANCE COMPANY A** and **INSURANCE COMPANY B**, are fictitious names used to designate business entities which, upon information and belief, are organized under the laws of the Commonwealth of Puerto Rico. These entities have issued one or more insurance policies in favor of Juan Carlos Salcedo Sánchez and/or 4 Ours Son Alliance, Corp., and/or any other co-defendant named herein, providing coverage for the acts of negligence, damages, occurrences, and/or events alleged in this Complaint. Said insurance companies are directly liable to Plaintiffs for the damages claimed in this action, pursuant to applicable law. The true names and legal identities of these co-defendants are unknown at this time and will be substituted as soon as they are ascertained, in accordance with the Federal Rules of Civil Procedure.

8. Co-defendant, **OWNER A**, is a fictitious name used to designate a business entity which, upon information and belief, is organized under the laws of the Commonwealth of Puerto Rico and is responsible, in whole or in part, for the events and

damages alleged in this Complaint. The true name and legal identity of this co-defendant are unknown at this time and will be substituted in accordance with the Federal Rules of Civil Procedure once ascertained by Plaintiffs.

9. Co-defendant, **CORPORATION X**, is a fictitious name used to designate a business entity which, upon information and belief, is organized under the laws of the Commonwealth of Puerto Rico and is responsible, in whole or in part, for the events and damages alleged in this Complaint. The true name and legal identity of this co-defendant are unknown at this time and will be substituted in accordance with the Federal Rules of Civil Procedure once ascertained by Plaintiffs.

10. Co-defendants, **JOHN DOE and JANE ROE**, are fictitious names used to designate individuals, legal entities, private or governmental agencies, municipalities, or any other entities that may be liable to Plaintiff or otherwise responsible for the events and damages alleged herein. Their true names and legal identities are unknown at this time and will be substituted in accordance with the Federal Rules of Civil Procedure once identified by Plaintiff.

## II. JURISDICTION AND VENUE

11. This Honorable Court has subject matter jurisdiction over the instant case pursuant to **28 U.S.C. § 1332(a)(1),** as this is a civil action between citizens of different states and the amount in controversy exceeds **SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00),** exclusive of costs and interests. Venue is proper in the District of Puerto Rico pursuant to **28 U.S.C. § 1391,** as the events giving rise to this cause of action occurred in this district.

## III. THE FACTS

12. On July 12, 2024, at approximately 11:27 p.m., the late **DANIEL COLÓN LEBRÓN** was riding a bicycle in a southbound direction along the sidewalk of Avenida César González, near the Torres Cibeles condominium complex, located in the Municipality of San Juan, Puerto Rico.

13. At the time of the incident, **DANIEL COLÓN LEBRÓN** was operating a Road Master brand bicycle.

14. Upon reaching the intersection with Coll y Toste Street, Daniel Colón Lebrón made a left turn toward the entrance of Condominio Torres Cibeles.

15. As **DANIEL COLÓN LEBRÓN** approached the entrance to Condominio Torres Cibeles, he was struck by a motor vehicle operated by co-defendant **JUAN CARLOS SALCEDO SÁNCHEZ**, who was driving a 2007 Ford Ecoline E-250, bearing license plate number #919586.

16. As a result of the impact, **DANIEL COLÓN LEBRÓN** was ejected from his bicycle, landed forcefully on the pavement, and died at the scene of the accident.

17. The 2007 Ford Ecoline E-250, license plate #919586, involved in the incident, is registered to co-defendant 4 Ours Son Alliance, Corp.

18. At the time of the collision, co-defendant **JUAN CARLOS SALCEDO SÁNCHEZ** was operating the motor vehicle under the influence of alcohol, with a recorded blood alcohol content (BAC) of 0.204% in clear violation of applicable traffic and vehicle safety state and federal laws.

19. As a result of his conduct, co-defendant **JUAN CARLOS SALCEDO SÁNCHEZ** has been formally charged with criminal offenses related to the incident.

20. The motor vehicle operated by co-defendant **JUAN CARLOS SALCEDO SÁNCHEZ** was equipped with illegal LED lighting, in violation of applicable traffic and vehicle safety state and federal laws.

21. The actions and/or omissions of co-defendant **JUAN CARLOS SALCEDO SÁNCHEZ** were the direct, grossly negligent, reckless, foreseeable, and proximate cause of the wrongful death of **DANIEL COLÓN LEBRÓN**.

22. As such, co-defendants **JUAN CARLOS SALCEDO SÁNCHEZ** and **4 OURS SON ALLIANCE, CORP**. are jointly and severally liable to Plaintiffs for all damages sustained, pursuant to applicable tort and wrongful death laws.

## IV. PLAINTIFFS DAMAGES

23. As a direct and proximate result of the negligent, reckless, and/or intentional conduct of **JUAN CARLOS SALCEDO SÁNCHEZ**, Daniel Colón Lebrón lost his life at the scene of the accident.

24. As a further direct and proximate result of co-defendant Juan Carlos Salcedo Sánchez's negligent acts and/or omissions, Plaintiffs Leinad Daniel Colón Jiménez and Daniela Nichole Colón Jiménez have suffered, and continue to suffer, profound emotional pain, mental anguish, grief, and the irreplaceable loss of their father's love, companionship, guidance, and support.

25. Plaintiffs, Leinad Daniel Colón Jiménez and Daniela Nichole Colón Jiménez, suffer from ongoing emotional and psychological distress. These conditions have significantly impaired their personal relationships, including those with family and loved ones. Their quality of life has been substantially diminished. They now struggle with everyday activities and are unable to engage in recreational, social, and personal

pursuits they once enjoyed. The unexpected and tragic loss of their father has resulted in a profound and enduring loss of well-being.

26. Plaintiffs Leinad Daniel Colón Jiménez and Daniela Nichole Colón Jiménez as representatives of the **SUCCESSION COLÓN LEBRÓN**, bring this action on behalf of their deceased father, who suffered physical damages, injuries and traumas that directly led his imminent death.

27. Plaintiffs **SUCCESSION COLÓN LEBRÓN,** have also incurred financial losses, including, but not limited to, funeral and burial expenses, as a result of the wrongful death of **DANIEL COLÓN LEBRÓN.**

28. The damages suffered by Plaintiffs Leinad Daniel Colón Jiménez and Daniela Nichole Colón Jiménez and as member of the **SUCCESSION COLÓN LEBRÓN**, include, but are not limited to, emotional distress, loss of companionship, and economic damages, all of which are the direct consequence of the negligent acts and/or omissions of all Defendants. Plaintiffs estimate their total damages as follows:

- A) **Plaintiffs Leinad Daniel Colón Jiménez and Daniela Nichole Colón Jiménez and SUCCESSION COLÓN LEBRÓN, claim damages in the amount of One Million Dollars ($1,000,000.00).**

## V. JOINT AND SEVERAL LIABILITIES

29. Pursuant to the laws of the Commonwealth of Puerto Rico, Defendants, together with any applicable insurance carriers, are jointly and severally liable as joint tortfeasors for all damages alleged in this Complaint. The acts and omissions described herein constitute a tort under Article 1536 of the Puerto Rico Civil Code of 2020 (31 L.P.R.A. § 10801), which provides that any person who, by fault or negligence, causes harm to another is obligated to repair it. Furthermore, Article 1541 (31 L.P.R.A. § 10806)

establishes that when multiple parties contribute to the same harm, they are jointly and severally liable for the resulting damages, regardless of the degree of fault attributable to each. In addition, pursuant to Article 1546 (31 L.P.R.A. § 10911), succession upon death entails the transmission of the rights and obligations of the decedent that do not extinguish with death. Likewise, under Article 1552 (31 L.P.R.A. § 10917), the hereditary estate includes all transmissible rights and obligations, regardless of whether the rights exceed the obligations or vice versa, and encompasses both computable donations and those rights and obligations inherent to the estate after the opening of the succession. Accordingly, Plaintiffs Leinad Daniel Colón Jiménez and Daniela Nichole Colón Jiménez, as the sole heirs of their late father Daniel Colón Lebrón, have lawfully acquired all rights and causes of action belonging to him at the time of his death, including the present tort claim. They are therefore entitled to assert their own as well as their fathers' claims and to seek full compensation under Puerto Rico law. Both Plaintiffs Leinad Daniel Colón Jiménez and Daniela Nichole Colón Jiménez come to this Court in their personal capacity and as representatives of the estate.

## VI. PREJUDMENT INTEREST, ATTORNEY FEES AND COST

30.　　If any or all of the Defendants deny their negligence or liability for the events or damages sustained by Plaintiffs, such denial shall constitute obstinate or reckless conduct. As a result, Plaintiffs are entitled to an award of prejudgment interest, computed over the amount ultimately recovered through this Complaint, as well as a reasonable amount of attorney's fees and litigation costs, as permitted under the applicable laws of the Commonwealth of Puerto Rico and the Federal Rules of Civil Procedure.

## VII. TRIAL BY JURY

31. Plaintiffs respectfully demand a trial by jury on all issues so triable.

## VIII. MEDICARE

32. If the plaintiffs owe any medical costs to **MEDICARE** due to this incident, the defendant party must pay for these costs.

## IX. RELIEF

**WHEREFORE,** Plaintiffs respectfully request from this Honorable Court a judgment against the Defendants, jointly and severally, for the damages sustained by Daniel Colón Lebrón as well as their own, and to award costs, attorney's fees, interests, and any other relief allowed in law and/or equity the Court might deem proper, regardless of whether said remedy was claimed or not.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, July 10th ,2025.

/s/**MANUEL COBIAN ROIG**
USDC NO. 220005
Attorney for Plaintiffs
PO Box 177
Guaynabo, PR  00970
Phone (787) 402-6944
Mobile (787) 248-8933
e-mail: manuelcobianroig@gmail.com